**Affirmed and Memorandum Opinion filed February 12, 2026**



In The

# Fifteenth Court of Appeals

---

### NO. 15-25-00149-CV

---

**UNIQUE MICA GREEN, Appellant**

**V.**

**TEXAS FUNERAL SERVICE COMMISSION, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2025-19613**

---

### MEMORANDUM  OPINION

Unique Mica Green sued the Texas Funeral Service Commission alleging that it unlawfully suspended the license of her establishment, A Community Funeral Home (ACFH). The Commission filed a plea to the jurisdiction asserting that Green lacked standing and failed to exhaust her administrative remedies, and that the Commission's sovereign immunity bars suit. The trial court granted the Commission's plea. We affirm, on the basis that Green's lack of standing is dispositive.

# BACKGROUND

A funeral establishment may not operate without a license from the Commission.[1] A license is not required to *own* a funeral home, but the business establishment must have its own license.[2] An establishment license is "issued to the establishment's owner"[3] and must be renewed annually.[4]

Green opened ACFH in 2016 with an establishment license issued by the Commission. On November 4, 2024, the Commission informed Green that ACFH's license had not been renewed and was delinquent. On November 7, 2024, Green paid the required renewal fee, which—upon successful completion of the Commission's statutorily required background check—would have enabled continued operation of ACFH.[5] The record does not show that Green submitted the statutorily required background check at this time.

On November 22, Green submitted a "Business Purchase Agreement" and the Commission's form for Change of Ownership Amendment, reflecting that she had transferred ownership of ACFH to Paulette King as of that date. King, likewise, submitted a Change of Ownership Amendment form and attached the Business

---

[1]     TEX. OCC. CODE § 651.351(a); *see also id*. § 651.001(8) ("'Funeral establishment' means: (A) a place of business used in the care and preparation for burial or transportation of a dead human body; or (B) any other place in which a person engages in, or represents the person to be engaged in, the business of embalming or funeral directing.").

[2]     *Id.* § 651.351(b).

[3]     22 TEX. ADMIN. CODE § 203.9(a)(3) (Tex. Funeral Services Commission, License of Funeral Establishments and Commercial Embalming Establishments).

[4]     *Id.* § 203.9(b)(1) ("The renewal period of a license is 12 months.").

[5]     *See* TEX. OCC. CODE § 651.354(c) ("If the license is expired for longer than 30 days, the funeral establishment may not operate as a funeral establishment until the renewal fee and the late payment penalty are paid."); *see also* Texas Funeral Services Commission, TFSC Fee Schedule (effective 9/1/2019), https://tfsc.texas.gov/files/News/Current%20Fee%20Schedule.pdf.https://tfsc.texas.gov/files/News/Current%20Fee%20Schedule.pdf.

Purchase Agreement on November 25.

On January 3, 2025, the Commission notified King that it had "determined that A Community Funeral Home's change of ownership affidavit is in violation of Tex. Admin. Code § 203.9(d)," and consequently revoked ACFH's establishment license.[6] On January 13, King filed an application for a new establishment license for "A Community Funeral Home Group." On January 31, the Commission notified counsel for ACFH that the new establishment license application had been denied.

On March 24, 2025, Green filed a pro se lawsuit against the Commission, its executive director, and a Commission employee. Liberally construed, her pleadings allege that the Commission and its employees violated the Texas Constitution and the Administrative Procedure Act by revoking ACFH's license and denying her renewal application.[7] Green seeks an injunction restoring the license.

The Commission (but not the individual defendants) answered and filed a plea to the jurisdiction asserting that Green lacks standing.[8] The trial court granted the plea and dismissed the entire case with prejudice. Green appeals from the dismissal of her claims against the Commission.

---

[6] "The Commission may refuse to issue a new license or to renew an outstanding license or may revoke an establishment's license if it determines that the license application or the change of ownership affidavit contains materially false information or that a person whose individual license to practice funeral directing or embalming is currently suspended or revoked owns the establishment or an interest in the establishment." 22 TEX. ADMIN. CODE § 203.9(d).

[7] We construe pro se pleadings broadly "to obtain a just, fair and equitable adjudication of the rights of the litigants." *Int'l Bus. Machines Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 n.11 (Tex. 2019).

[8] Green filed an amended petition that added King as a plaintiff. King did not appeal the judgment.

## STANDARD OF REVIEW

We review a trial court's ruling on plea to the jurisdiction de novo.[9] When a jurisdictional plea challenges the pleadings (as here), courts must "determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause."[10] We construe the pleadings liberally in favor of the pleader and look to their intent.[11] When a jurisdictional plea includes evidence, the reviewing court is "not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised."[12]

## ANALYSIS

We start with the Commission's challenge to Green's standing. "Without standing, a court lacks jurisdiction to resolve the asserted claims."[13] "An injury is 'particularized' for standing purposes if it 'affect[s] the plaintiff in a personal and individual way.'"[14]

The Commission argues that Green lacks standing because she is not the owner of ACFH and thus is not entitled to a license by renewal or otherwise. Green contends that she "demonstrated standing based on ownership of the funeral business at the time of the alleged harm."[15] But attached to her petition was an assumed name

---

[9] *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024).

[10] *Id.*

[11] *Webster v. Comm'n for Lawyer Discipline*, 704 S.W.3d 478, 498 (Tex. 2024).

[12] *Nettles v. GTECH Corp.*, 606 S.W.3d 726, 734 (Tex. 2020).

[13] *425 Soledad, Ltd. v. CRVI Riverwalk Hosp., LLC*, 709 S.W.3d 551, 557 (Tex. 2024).

[14] *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)).

[15] Complicating matters, the record evidence includes an assumed name certificate dated to October 1, 2021, that lists King as the only owner of the establishment at that time. No evidence shows a subsequent change in ownership back to Green before the November 2024 transfer of ownership from Green to King. But whether the transfer of ownership from Green to King was

certificate filed in October of 2021 listing King as the only owner of the establishment.[16] And when notified that her license had expired Green promptly submitted the change-of-ownership form and the Business Purchase Agreement to the Commission representing that she transferred all her ownership to King on November 22, 2024. Because Green is no longer the owner of the establishment, she is not entitled to hold a license thereafter, and lacks standing because the revocation of ACFH's license does not affect her in a personal and individual way.[17] As this is sufficient to uphold the trial court's judgment, we will not address the Commission's alternative argument regarding sovereign immunity.[18]

## CONCLUSION

We affirm the district court's judgment.

/s/     Scott A. Brister

Scott A. Brister
Chief Justice

---

effected in 2021 or in 2024, no facts support that Green had any ownership of ACFH at the time this suit was filed. *See Boeing Co. v. Sw. Airlines Pilots Ass'n*, 716 S.W.3d 140, 148 n.12 (Tex. 2025) ("Standing is determined at the time suit is filed in the trial court.").

[16]    *See* TEX. BUS. & COM. CODE §§ 71.051–.052. A person who does not file a certificate may not maintain a civil action "arising out of a[n] . . . act in which an assumed name was used until an original, new, or renewed certificate has been filed." *Id.* § 71.201(a).

[17]    Further complicating matters, the record includes an agreement dated April 10, 2025, where King agreed to sell 50% of ACFH back to Green for $0. Green filed her initial complaint on March 24, 2025, and her live petition on April 20, 2025. Green cannot buy her way back in to a dispute that she lacked standing to prosecute in the first place.

[18]    The Commission also argues that the trial court lacks jurisdiction because Green failed to exhaust her administrative remedies. *See Univ. of Tex. Rio Grande Valley v. Oteka*, 715 S.W.3d 734, 740 (Tex. 2025) (trial court does not have jurisdiction until litigant exhausts administrative remedies). Green argues in a reply brief that her lawyer requested that the Commission refer the case to SOAH, but there is no evidence of that in the record.

Before Chief Justice Brister and Justices Field and Farris.